UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Stephen R. Willing,                              Civ. No. 18-754 (PAM/TNL)

            Plaintiff,

v.                                             **MEMORANDUM AND ORDER**

Commissioner of Social Security
Administration,

            Defendant.

---

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Stephen Willing alleges that he has been disabled because of problems with his back, arthritis in his ankles and hip, gastrointestinal issues, hearing loss and tinnitus, and obesity since November 26, 2013.[1] Willing applied for disability insurance benefits on March 19, 2015. He brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed an Administrative Law Judge's ("ALJ") determination that he was not disabled under the meaning of the Social Security Act.

An individual is considered disabled for purposes of Social Security Disability Insurance benefits if he is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to

---

[1] As discussed in more detail below, Willing's application for benefits listed only his back issues, arthritis, and obesity as the impairments that prevented him from working.

result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In addition, an individual is disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant

work, the burden shifts to the Commissioner to establish at step five that the claimant can perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

Willing raises two challenges to the ALJ's determination. First, he contends that the ALJ erred in finding that he was not disabled because his past relevant work skills would transfer to a new semi-skilled occupation of information clerk. According to Willing, due to his age and sedentary-work limitations, the regulations mandate that he be found disabled unless his past skills would transfer to skilled, not semi-skilled, work. Willing also contends that the ALJ erred in finding that his past skills would transfer to the specific occupation of information clerk, and in finding Willing not disabled where his skills transferred to only a single occupation, not a range of occupations. Second, Willing argues that the ALJ erred in determining that his hearing loss, tinnitus, and his gastrointestinal issues were not severe impairments.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Id. As long as substantial evidence in the record supports the Commissioner's decision, the Court may not reverse it because substantial

3

evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. Id.

**A.      Transfer of Skills**

As noted, Willing claims that the ALJ erred in determining that the skills from his past relevant work as a store manager would transfer to the semi-skilled position of information clerk. He also argues that because the vocational expert found that Willing could perform only one occupation rather than a range of jobs, the ALJ should have determined that he was disabled.

Although Willing cites Rule 201.000(e) in support of his argument regarding the transferability of skills, this Rule not only fails to set forth the principle Willing espouses, it is not the only authority on the subject. The regulations provide that the Commissioner will find a person of advanced age or approaching retirement age who is limited to sedentary or light work unable to make an adjustment to other work "unless you have skills that you can transfer to other skilled or semiskilled work," not merely to skilled work. 20 C.F.R. § 404.1568. And the Rule Willing cites provides in full,

> The presence of acquired skills that are readily transferable to a significant range of skilled work within an individual's residual functional capacity would ordinarily warrant a finding of ability to engage in substantial gainful activity regardless of the adversity of age, or whether the individual's formal education is commensurate with his or her demonstrated skill level. The acquisition of work skills demonstrates the ability to perform work at the level of complexity demonstrated by the skill level attained regardless of the individual's formal educational attainments.

20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 201.000(e). This Rule does not state or imply that an individual of advanced age may transfer skills only to skilled work.

4

Nor is Willing correct that the vocational expert improperly determined that skills from his past work would transfer to the occupation of information clerk. Merely because the two occupations do not share codes from the Dictionary of Occupational Titles is not dispositive, and Willing himself testified regarding the skills he gained in his previous job. (Admin. R. (Docket No. 12) at 62 ("There was office stuff with payroll and scheduling and ordering what we needed in the store."); see also id. at 63 (testifying that he spent significant time on conference calls in his previous job).) This testimony constitutes substantial evidence of the skills Willing possessed, and the vocational expert's reliance on and the ALJ's citation to these skills to support the no-disability determination is not erroneous.

Finally, Willing argues that the ALJ erred in using a single occupation to support her determination that there were jobs Willing could perform, because the ALJ is ostensibly required to show a significant range of occupations in the economy. Willing does not dispute that the position of information clerk exists in significant numbers in the national and regional economies. To support a determination that Willing is able to work, the ALJ need only point to work that exists in significant numbers; the range-of-occupations requirement on which Willing relies is simply not present in the regulations or the statute. The ALJ's determination that there were significant jobs that Willing could perform is supported by substantial evidence.

**B.    Impairments**

Willing argues that his gastrointestinal issues, hearing loss, and tinnitus are severe impairments, and that the ALJ erred in determining that they were not. According to

5

Willing, the ALJ compounded her error by not taking those allegedly severe impairments into account in her analysis of Willing's RFC.

The ALJ specifically found that Willing's hearing loss "is controlled adequately with hearing aids." (Admin. R. at 13.) She further determined that his gastrointestinal impairments "do not more than minimally limit his ability to do work-related activities" and his urinary-retention issues would not "significantly limit his ability to complete work-like tasks." (Id.) She ultimately found that Willing did not have an impairment or combination of impairments that meet or medically equal a listed impairment, and thus proceeded to step 3 of the analysis described above. (Id. at 14.)

Willing argues that the step 2 severity inquiry is de minimis, and that any doubts regarding severity must be resolved in his favor. He asserts that he adequately established that each of these impairments was severe at this step of the analysis. But Willing did not tell the ALJ that these alleged impairments were severe; indeed, he did not include any of these allegedly severe impairments in his application for benefits. And his attorney questioned him only briefly regarding these allegedly severe impairments. Willing testified that his episodes of diarrhea were "not as many as there used to be," and that he "occasionally ha[s] a little incontinence." (Id. at 61.) He told the ALJ that he eats only once a day, and that he goes to the bathroom three or four times after eating. (Id.) And his testimony regarding his allegedly severe hearing impairment and tinnitus was even more brief, although he told the ALJ that talking on the telephone "sometimes cause[s] a problem at home." (Id. at 66.) None of this testimony would have alerted the ALJ to the alleged severity Willing now claims.

He also contends that he presented these allegedly severe impairments to the ALJ after the hearing, in his reconsideration report. But again, Willing failed to outline the alleged severity of these impairments in that report, merely stating, "Since Surgery [Willing] has begun having urinary problems. Also has been suffering from constant loose stools for the last year of [sic] more." (Id. at 227.) And the section asking for more details about any new problems stated only, "[u]rinary problems, his bladder is not emptying properly." (Id.) Moreover, this information was not provided to the ALJ, but rather was part of Willing's appeal of the ALJ's decision. Whether these brief comments should have been enough to put either the ALJ or the Appeals Council on notice that Willing was claiming severe impairments in addition to those listed on his initial application is doubtful. See Anderson v. Barnhart, 344 F.3d 809, 814 (8th Cir. 2003) (claim of obesity impairment waived on appeal where claimant did not raise any limitation from the impairment in his application or during hearing).

Although the medical records contain some evidence of these allegedly severe impairments, Willing's testimony minimizing these impairments constitutes substantial evidence from which the ALJ could have concluded that the impairments were not severe. Willing's challenge to her decision on this issue is denied.

**CONCLUSION**

Plaintiff's objections are without merit, and substantial evidence in the record supports the Commissioner's decision to deny benefits. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 17) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 19) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: January 14, 2019                     *s/ Paul A. Magnuson*
                                            Paul A. Magnuson
                                            United States District Court Judge